# NO. 12-22-00023-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAWRENCE TERRELL WILLIAMS,* **APPELLANT** | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* **APPELLEE** | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Lawrence Terrell Williams appeals his conviction for aggravated robbery. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. The State further alleged that Appellant previously had been convicted of two felonies. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, Lufkin Police Department Patrol Lieutenant Nick Malone testified that in response to a report of a carjacking on July 29, 2020, he made a traffic stop on the suspected vehicle, identified Appellant as its driver and sole occupant, and found an open folding-knife in the passenger seat. The knife was admitted into evidence as State's Exhibit 3.

Pledge Moore testified that on July 29, 2020, he was on his way to visit a friend in Lufkin and was stopped at a four-way stop intersection, when Appellant jumped into the back seat of his vehicle and told him to take him to Galveston or he was going to cut his head off because he had a knife. Moore stated that he was afraid that this person was going to kill him, he believed that

the person had a weapon, he did not own a knife, he did not have a knife in his car, and he confirmed that these events took place on July 29, 2020 in Angelina County, Texas.

Appellant, who represented himself at trial, testified in his defense. He admitted that he put the knife to Moore's back, took the car, and conceded that Moore did not threaten him.

Following the presentation of evidence and jury argument, the jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment, at which Appellant pleaded "true" to the two enhancement allegations. Ultimately, the jury assessed Appellant's punishment at imprisonment for eighty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we **grant** Appellant's counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 12, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 12, 2022**

**NO. 12-22-00023-CR**

**LAWRENCE TERRELL WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2020-0744)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*